E-FILED
Tuesday, 28 September, 2021  10:36:13 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-30029 |
| | ) | |
| JOHN BILECK, Sr., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant John Bileck, Sr.'s (Bileck) Motion to Modify Order of Detention (d/e 58) (Motion).  For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On May 5, 2021, the Grand Jury indicted Bileck on charges of conspiracy to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846 (Count 1); money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Count 2). Indictment (d/e 1).

On June 2, 2021, the Court conducted a detention hearing for Bileck. After considering the information and arguments presented at the detention hearing, The Court ordered that Bileck be held without bond.  Minute Entry

entered June 2, 2021.  The Court entered Order of Detention (d/e 30) on June 9, 2021.  The Court found that the evidence against Bileck was strong.  The Court found that Bileck was alleged to have headed an extensive drug conspiracy.  The Court further found that Bileck had a significant criminal history that included two felony drug convictions and four prison sentences.  Bileck admitted he used methamphetamine daily and his addiction motivated him to commit the alleged offenses charged in the Indictment.  The Court found that no conditions or combinations of conditions can ensure the safety of the community nor ensure the appearance of the defendant at further judicial proceedings.  The Court stated that it would reconsider detention if Bileck secured a placement in a residential drug treatment facility.  Order of Detention ¶¶ 3-8.

Bileck now asks the Court to release him on bond because he has secured an inpatient residential substance abuse treatment placement at the Knolls Center for Change in Peoria, Illinois.  Motion ¶ 10.

The Government opposes the Motion.  The Government notes that Bileck has been clean and sober for several months while in pretrial detention and will remain clean and sober if he remains in detention.  The Government argues that Bileck will have greater opportunity to use illegal drugs if he is released from detention.

The Government further notes that Bileck was arrested on state charges during the federal investigation of this case.  The Government's evidence indicates that Bileck continued to participate in a conspiracy to distribute methamphetamine while in state custody.  In light of these factors and the strength of the case against Bileck, the Government opposes reconsideration.

## ANALYSIS

This Court may reconsider the Bond Conditions Order if information not known to Bileck at the time of the detention hearing has a material bearing on the issue of whether changes in the conditions of release will reasonably assure Bileck's appearance in this case and the safety of any other person in the community.  18 U.S.C. § 3142(f).  Bileck has presented new information that he has secured a placement in a residential drug treatment facility.  After careful consideration, the new information does not show that conditions of release exist that can ensure the safety of the community nor ensure the appearance of the defendant at further judicial proceedings.

In determining whether conditions of release will reasonably assure Bileck's appearance in this case and the safety of any person in the community, this Court must consider the following factors:

**(g) Factors to be considered –** The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including-
>
> > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source,

will not reasonably assure the appearance of the person
as required.

18 U.S.C. § 3142(g).

The new information does not change the nature of the charge
against Bileck, the weight of the evidence against Bileck, or Bileck's history
and characteristics.  The residential placement in a treatment facility may
affect the danger to the community by releasing Bileck on bond, but only
minimally.  The Motion does not state the length of the inpatient placement
or where Bileck would reside after completing the course of inpatient
treatment.  Further, the Government's investigation indicated that Bileck
ran a drug conspiracy while in state custody.  He could just as easily run
such a conspiracy from a drug treatment facility.

Finally, the Court stated that it would reconsider detention if Bileck
could secure a placement; however, at the time Bileck was using
methamphetamine on a daily basis and needed drug detoxification.  Bileck
has been sober for several months while in detention.  He does not need
detoxification treatment, and upon reconsideration, the Court agrees with
the Government that Bileck is more likely to remain sober if he remains in
detention.  Bileck has failed to present sufficient grounds to justify
modifying his conditions of release.

THEREFORE, IT IS ORDERED that Defendant John Bileck Sr.'s

Motion to Modify order of Detention (d/e 58) is DENIED.

ENTER:   September 28, 2021

_____s/ *Tom Schanzle-Haskins*_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE